# IN THE COURT OF APPEALS OF IOWA

No. 14-1247
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TROY T.C. TOLEFREE,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette Boehlje, Judge.

Troy Tolefree appeals his guilty plea and sentence to possession of a controlled substance. **AFFIRMED.**

David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Nichole Benes, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., Bower, J. and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BOWER, J.**

Troy Tolefree appeals his guilty plea and sentence for possession of a controlled substance, claiming the district court abused its discretion by failing to make further inquiry into a written notation concerning his dissatisfaction with his attorney. Since Tolefree did not file a motion in arrest of judgment, we find Tolefree has failed to preserve error on his claim. We affirm Tolefree's sentence.

On December 23, 2013, the State charged Tolefree with two counts of possession of marijuana, a schedule I controlled substance, first offense, pursuant to Iowa Code section 124.401(5) (2013). Tolefree and the State entered into a plea agreement in which he agreed to plead guilty to one count of possession of marijuana in exchange for the State dismissing the second count. The guilty plea included the following language concerning Tolefree's relationship with counsel:

> 17. I have told my attorney all facts and circumstance known to me about the charge made against me in this case. I believe my attorney is fully informed on all such matters.
> 18. I believe my attorney has done everything possible to counsel and assist me; I am satisfied with the advice and help given me.

Tolefree initialed next to paragraphs 17 and 18. However, below paragraph 17, Tolefree wrote: "I do not feel my attorney informed me;" and below paragraph 18 he wrote: "No, I do not feel my attorney has done everything possible to counsel and assist me." The guilty plea also included a waiver of the right to file a motion in arrest of judgment.

The district court accepted the written guilty plea on July 14, 2014, and entered judgment and sentence without a hearing. Concerning Tolefree's written statements about his attorney, the court reasoned:

> The Court notes that the Defendant 'complains' of his attorney, yet has signed the guilty plea which provides the information which is necessary. Additionally, Counsel expended significant amounts of time during the case. It would appear the Defendant is looking to blame someone else for his choices rather than accept responsibility for his criminal behavior.

Tolefree now appeals this sentence.

Tolefree claims as his guilty plea indicates a misunderstanding or a violation of his rights, the court should have conducted an in court colloquy about the nature of his complaints concerning his attorney. However, Tolefree did not file a motion in arrest of judgment. "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a); *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Tolefree claims he preserved error since his claim implicates his constitutional right to counsel, but Tolefree specifically notes his claim is not one of ineffective assistance of counsel.[1] *See Ortiz*, 789 N.W.2d at 764 (noting ineffective counsel claims are an exception to our error preservation requirements, even if a party has signed a plea agreement waiving the right to file a motion in arrest of judgment). Tolefree does not raise any other constitutional claims in his brief—instead he focuses on the "adequacy" of the plea proceeding. Therefore, we find

---

[1] On page seven of his brief Tolefree stated: "The issue before the court is not whether Tolefree's attorney was ineffective in her performance, but whether the District Court should have accepted a guilty plea knowing the performance was being questioned."

Tolefree has failed to preserve error on this claim, and we affirm the district court's judgment and sentence.

**AFFIRMED.**